NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-7383
      Facsimile: (213) 894-8601
      E-mail:   elisa.fernandez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ORIGINAL

FILED

2018 DEC 21  PM 3:09

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18- |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LESLIE GENE NELSON |
| v. | |
| LESLIE GENE NELSON, | 18CR00897 |
| Defendant. | |

1.    This constitutes the plea agreement between LESLIE GENE
NELSON ("defendant") and the United States Attorney's Office for the
Central District of California (the "USAO") in the investigation of
being an agent of an agency of the State of Arizona, which received
in excess of $10,000 in federal funds during each one-year period
from at least January 1, 2010 through December 31, 2013, corruptly
solicited, demanded, accepted and agreed to accept something of
value, namely, money intending to be influenced and rewarded in
connection with a business, transaction, and series of transactions
of an Arizona state agency, having a value of $5,000 or more, that
is, accessing a federal information platform and federal and state

databases to obtain and disclose without authorization information to others, that is quarterly wage and earnings information for specified individuals, in violation of 18 U.S.C. Section 666(a)(1)(B).  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B).

b.   Not contest the Factual Basis agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment ($100) at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   Agree to and not oppose the imposition of the following condition of probation or supervised release; that is, to complete 500 hours of community service within the period of probation and/or supervised release imposed by the Court.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest the Factual Basis agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   With respect to Count One of the Information, recommend that defendant be sentenced to a term of three-year term of probation with terms and conditions to be imposed by the Court, including at least, the condition that defendant complete 500 hours of community service, pay a fine as determined by the Court, and to pay a special assessment of $100.

e.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. §

3

371), not further criminally prosecute defendant for violations of 18

U.S.C. § 371, conspiracy; 18 U.S.C. § 1343, wire fraud; 18 U.S.C. §

1346, honest services fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), forfeiture arising out of defendant's conduct described in

the agreed-to factual basis set forth in paragraph 9 below.

Defendant understands that the USAO is free to criminally prosecute

defendant for any other unlawful past conduct or any unlawful conduct

that occurs after the date of this agreement.  Defendant agrees that

at the time of sentencing the Court may consider the uncharged

conduct in determining the applicable Sentencing Guidelines range,

the propriety and extent of any departure from that range, and the

sentence to be imposed after consideration of the Sentencing

Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of

the crime charged in count one, that is, federal program bribery, in

violation of Title 18, United States Code, Section 666(a)(1)(B), the

following must be true:

a.   NELSON was an agent of the Arizona Department of

Economic Security ("DES");

b.   DES received federal benefits in excess of $10,000 in

a one-year period;

c.   NELSON accepted, agreed to accept, solicited or

demanded something of value from the defendant(s);

d.   NELSON acted corruptly with intent to be influenced or

rewarded in connection with the business, a transaction or series of

transactions of the organization, government or agency; and,

4

1      e.    The value of the business, transaction, or series of
2 transactions to which the payment related was at least $5,000.

3                              PENALTIES

4      5.    Defendant understands that the statutory maximum sentence
5 that the Court can impose for a violation of Title 18, United States
6 Code, Section 666(a)(1)(B), is: 10 years imprisonment; a 3-year
7 period of supervised release; a fine of $250,000 or twice the gross
8 gain or gross loss resulting from the offense, whichever is greatest;
9 and a mandatory special assessment of $100.

10     6.    Defendant understands that supervised release is a period
11 of time following imprisonment during which defendant will be subject
12 to various restrictions and requirements.  Defendant understands that
13 if defendant violates one or more of the conditions of any supervised
14 release imposed, defendant may be returned to prison for all or part
15 of the term of supervised release authorized by statute for the
16 offense that resulted in the term of supervised release, which could
17 result in defendant serving a total term of imprisonment greater than
18 the statutory maximum stated above.

19     7.    Defendant understands that, by pleading guilty, defendant
20 may be giving up valuable government benefits and valuable civic
21 rights, such as the right to vote, the right to possess a firearm,
22 the right to hold office, and the right to serve on a jury.
23 Defendant understands that once the court accepts defendant's guilty
24 plea, it will be a federal felony for defendant to possess a firearm
25 or ammunition.  Defendant understands that the conviction in this
26 case may also subject defendant to various other collateral
27 consequences, including but not limited to revocation of probation,
28 parole, or supervised release in another case and suspension or

                                  5

1  revocation of a professional license.  Defendant understands that

2  unanticipated collateral consequences will not serve as grounds to

3  withdraw defendant's guilty plea.

4    8.    Defendant understands that, if defendant is not a United

5  States citizen, the felony conviction in this case may subject

6  defendant to: removal, also known as deportation, which may, under

7  some circumstances, be mandatory; denial of citizenship; and denial

8  of admission to the United States in the future.  The court cannot,

9  and defendant's attorney also may not be able to, advise defendant

10  fully regarding the immigration consequences of the felony conviction

11  in this case.  Defendant understands that unexpected immigration

12  consequences will not serve as grounds to withdraw defendant's guilty

13  plea.

14                            FACTUAL BASIS

15    9.    Defendant admits that defendant is, in fact, guilty of the

16  offense to which defendant is agreeing to plead guilty.  Defendant

17  and the USAO agree to the statement of facts provided below and agree

18  that this statement of facts is sufficient to support a plea of

19  guilty to the charge described in this agreement and to establish the

20  Sentencing Guidelines factors set forth in paragraph 11 below but is

21  not meant to be a complete recitation of all facts relevant to the

22  underlying criminal conduct or all facts known to either party that

23  relate to that conduct.

24    From at least 2006 through August 27, 2013, LESLIE GENE NELSON
   ("NELSON") was an employee and agent of the Arizona Department of
25  Economic Security ("DES"), an agency of the government of the State
   of Arizona that provided unemployment insurance ("UI") benefits.  DES
26  maintained unemployment data, wage and earning information, and
   processed UI benefits using an information system linked with federal
27  and state databases that contained non-public, confidential
   information for individuals in all fifty states.  DES received in
28

                                    6

excess of $10,000 in federal funds during each calendar year from at least January 1, 2010 through December 31, 2013.

Co-conspirator Michael S. Flowers ("Flowers") was an employee and an agent of Professional Collection Consultants ("PCC"), a debt collection company located at 6700 S. Centinela Avenue, 3rd Floor, Los Angeles, California.  Flowers worked as a debt collector for PCC.

Beginning on or before September 1, 2010, and continuing to at least August 27, 2013, NELSON corruptly accepted cash from Flowers in exchange for disclosing to Flowers non-public, confidential wage and earning information broken down by quarter, employer and Social Security Number ("SSN")(collectively referred to as "Confidential Information").

NELSON received from Flowers, via email, text and fax, lists of SSNs of individuals owing money on debtor accounts serviced by PCC and others.  NELSON accessed federal and state databases to determine whether an employer had reported Confidential Information for each individual SSN.  NELSON would then send Flowers, via text, fax and email, Confidential Information for each SSN knowing that it would enhance Flowers's and PCC's ability to collect on the individuals' debt.  Where no Confidential Information was located, NELSON would advise Flowers that "no wages" existed for specified SSNs.

During the course of the scheme, NELSON sent Flowers Confidential Information for thousands of debtors, including wage and employer information pertaining to Individual A with a Social Security Number XXX-XX-6128.  The Confidential Information aided PCC and Flowers in collecting debts owed by debtor accounts by identifying if a debtor was employed, the debtor's employer(s) per quarter, the debtor's wages and earnings per quarter, and the debtor's ability to pay the debt owed.  The Confidential Information disclosed by NELSON assisted PCC in collecting, from January 1, 2013 through August 27, 2013, $946,770 in debts owed.

From September 1, 2010 through August 27, 2013, at a bank branch located in Los Angeles County, California, as bribe payment for the Confidential Information Flowers deposited $500 in cash twice or three times a week into NELSON's JP Morgan Chase bank account. Typically, NELSON accepted $500 in cash deposits once a month in 2010 and 2011, NELSON accepted $500 twice a month in 2012 and $500 two or three times a month in 2013.  Nelson accepted at least $26,000 in cash deposits in exchange for disclosing Confidential Information to Flowers and PCC for their debt collection business.

7

<u>SENTENCING FACTORS</u>

10.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2C1.1(a)(2) |
| Specific Offense Characteristics | | |
| Multiple Bribes | +2 | U.S.S.G. § 2C1.1(b)(1) |
| Value of the Benefit Received More than $15,000, but Less than $40,000 | +4 | U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(C) |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 4d are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Subject to paragraph 28 below, defendant and the

USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Subject to the USAO's obligations in paragraph 4.d, defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be

1  represented by counsel -- and if necessary have the court appoint
2  counsel -- at every other stage of the proceeding.

3          d.    The right to be presumed innocent and to have the
4  burden of proof placed on the government to prove defendant guilty
5  beyond a reasonable doubt.

6          e.    The right to confront and cross-examine witnesses
7  against defendant.

8          f.    The right to testify and to present evidence in
9  opposition to the charges, including the right to compel the
10 attendance of witnesses to testify.

11         g.    The right not to be compelled to testify, and, if
12 defendant chose not to testify or present evidence, to have that
13 choice not be used against defendant.

14         h.    Any and all rights to pursue any affirmative defenses,
15 Fourth Amendment or Fifth Amendment claims, and other pretrial
16 motions that have been filed or could be filed.

17                          WAIVER OF VENUE

18      15.  Having been fully advised by defendant's attorney regarding
19 the requirements of venue with respect to the offenses to which
20 defendant is pleading guilty, to the extent the offenses to which
21 defendant is pleading guilty were committed, begun, or completed
22 outside the Central District of California, defendant knowingly,
23 voluntarily, and intelligently waives, relinquishes, and gives up:
24 (a) any right that defendant might have to be prosecuted only in the
25 district where the offenses to which defendant is pleading guilty
26 were committed, begun, or completed; and (b) any defense, claim, or
27 argument defendant could raise or assert based upon lack of venue
28 with respect to the offenses to which defendant is pleading guilty.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

16.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offenses to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offenses to which defendant is pleading guilty  because of the expiration of the statute of limitations for those offenses prior to the filing of the information alleging those offenses; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offenses to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any

portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than a three-year term of probation, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this

agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.   Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND PROBATION OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney


ELISA FERNANDEZ                              12/21/2018
Assistant United States Attorney        Date


LESLIE GENE NELSON                           12/20/18
Defendant                                Date


STEPHEN G. FRYE                              12-20-18
Attorney for Defendant LESLIE GENE       Date
NELSON

16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            _12/20/18_____
LESLIE GENE NELSON                           Date
Defendant


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LESLIE GENE NELSON'S attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

17

1    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2    provisions, and of the consequences of entering into this agreement.

3    To my knowledge: no promises, inducements, or representations of any

4    kind have been made to my client other than those contained in this

5    agreement; no one has threatened or forced my client in any way to

6    enter into this agreement; my client's decision to enter into this

7    agreement is an informed and voluntary one; and the factual basis set

8    forth in this agreement is sufficient to support my client's entry of

9    a guilty plea pursuant to this agreement.

10

11   _____          12-20-18

12   STEPHEN G. FRYE                          _____
     Attorney for Defendant LESLIE GENE       Date
13   NELSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28